UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES HEISE, ET AL.,

    Plaintiff,

v.                                       Case No. 8:07-cv-1866-T-24-MAP

PETER JAMES PORCELLI, ET AL.,

    Defendants.
_____/

## ORDER

This cause comes before the Court on the amended motion for default judgment against the last remaining Defendants—Safe Harbour Foundation of Florida, Inc. ("SHFF") and Silverstone Lending, LLC ("Silverstone")—filed on behalf of the last remaining Plaintiffs—James and Suzanne Heise, Kathie and Donald Visceglie, Ferman and Delores Rocha, Calvin and Debbie Lewendoski, and Guy Spennato. (Doc. 84.)

## BACKGROUND

Plaintiffs are homeowners who claim that they were lured by SHFF's false representations into usurious and deceptive loans made by Silverstone. Defendants allegedly targeted homeowners in foreclosure trouble, like Plaintiffs. SHFF would go to struggling homeowners under the guise of a non-profit organization and promise to help them save their homes from foreclosing lenders. SHFF would direct the homeowners to Silverstone, who provided short-term loans with extremely high interest rates and finance charges, not properly disclosed in the lending documents, repayment of which was designed to be infeasible. Upon

Plaintiffs' default on Silverstone's loans, Defendants would foreclose and take ownership of Plaintiffs' homes.

Plaintiffs sued for violations of RICO, the federal Truth in Lending Act, the Florida Unlawful Mortgage Brokering and Mortgage Lending Act, the Florida usury statute, and un-cited civil conspiracy laws. On February 12, 2008, the Clerk entered a default against SHFF and Silverstone. (Doc. 19.) Plaintiffs moved for default judgment on January 20, 2009 (Doc. 70) and default judgment was granted, with the issue of damages to be decided pursuant to a hearing (Doc. 75). However, after the hearing, at which the Court heard sworn testimony from Plaintiffs, the Court set aside the default judgment and directed Plaintiffs to file an amended motion for default judgment containing a "clear statement of the specific relief requested by each Plaintiff, both monetary and declaratory, and the specific claim under which each specific form of relief is requested." (Doc. 81.) The Court also ordered that Plaintiffs provide documentation supporting their claims, such as their loan documents.

Plaintiffs filed an amended motion for default judgment, containing the summary of requests. (Doc. 84.) However, because neither the amended motion, nor any previous filing, contained a memorandum of law as to the claims presented, the Court entered an order directing Plaintiffs to supplement their amended motion with such a memorandum, which Plaintiffs then filed (Doc. 86).

## **DISCUSSION**

There are several problems with Plaintiffs' amended motion that continue to make it impossible for the Court to grant their requested relief at this time.

A. <u>Failure to Submit Documentation</u>

Never in any filing with the Court, nor at the hearing, nor, despite the Court's specific instructions, in the amended motion for default judgment, did Plaintiffs submit any documentation regarding the loan terms for Plaintiffs Lewendowski or Plaintiffs Visceglie. Further, the only documentation regarding the loan made to Plaintiffs Rocha does not sufficiently lay out the loans' interest terms. (Doc. 84-6.) As claims made in the Complaint and other Court filings, as well as at the hearing, have been contradictory and convoluted as to Plaintiffs' exact loan terms, the Court cannot rule without such documentation.

B. <u>Failure to Adequately State Legal and Factual Bases for the Claims</u>

1. USURY

Plaintiffs claim that the loans extended to them, while claiming an 18% interest rate, actually exacted interest in excess of 45%, in violation of the Florida Usury Statute. The loan documents state that the rate of interest is 18%, and Plaintiffs have submitted nothing demonstrating that a greater rate was charged or paid. Plaintiffs presumably attempt to convert the loans' finance charges and lender fees into interest, as the basis for their claim. Plaintiffs, however, have offered no explanation as to why such fees should be so converted. Thus, based on the evidence provided, it seems that the interest rates charged fell below that prohibited by the Florida Usury Statute. Thus, in order to succeed on this claim, Plaintiffs must provide either some legal argument supporting their proffered conversion of fees-to-interest, or they must offer some evidence that they paid more in interest than what was stated in the loan documents.

3

## 2. RICO

To succeed on their RICO claim, Plaintiffs must show that Defendants, among other things, attempted to collect an illegal debt. Because Plaintiffs claim the usuriousness of Defendants' loans made the loans illegal, thereby satisfying the illegal-debt prong of their RICO claim, their RICO claim is necessarily predicated on the success of Plaintiffs' usury claim, which has been insufficiently proffered, per the reasons stated above.

## 3. TRUTH IN LENDING ACT

Plaintiffs alternatively seek relief via the Truth in Lending Act, claiming that the loans contained balloon payments prohibited by 15 U.S.C. § 1369(d), had negative amortization rates prohibited under § 1369(g), and were extended without regard to Plaintiffs' inability to pay in violation of § 1369(h). With regard to balloon payments, mortgages of "less than five years cannot include terms under which the aggregate amount of the regular periodic payments would not fully amortize the outstanding principal balance." 15 U.S.C. § 1369(d). Plaintiffs have shown that the monthly payments were less than the accrual of the monthly interest, but their documentation showed that they prepaid a large sum in anticipation of that shortfall, and thus it has not been shown that the regular payments charged would fail to amortize the outstanding principal balance, and no documentation of monthly payments has been submitted. Next, with regard to negative amortization, the prepayment seems to have ensured that the outstanding principal would not increase over the course of the loan, which would have been forbidden under § 1639(f). Finally, Plaintiffs have only showed that they did not pay the loans, not that the loans were made without regard to their ability to pay them, which would have violated § 1369(h).

4

More documentation of payments made or interactions between Defendants and Plaintiffs, or a clearer argument, would be required to sustain Plaintiffs' Truth In Lending Act claims.

## CONCLUSION

Plaintiffs must prove their claims and damages before the Court will enter a default judgment. Upon entry of a default judgment, the Court accepts as true all of the factual allegations in th Complaint, except those relating to damages, but the Court does not necessarily agree that the facts constitute a valid cause of action. There must be a sufficient basis for the judgment. Plaintiffs have *one last chance* to meet their burden before their case will be dismissed in its entirety. Plaintiffs are directed to file the comprehensive loan documents for Plaintiffs Visceglie, Rocha, and Lewendowski. The loan documents must include the terms of the loan, including the interest charged. All Plaintiffs are directed to file paperwork showing that they paid beyond the terms of the loan, if such a showing is necessary to their claim. Should Plaintiffs further pursue their Truth in Lending Act claims, they should also submit evidence of monthly payments and the relationship between those payments and the amortization of the loans.

Additionally, Plaintiffs must explain the legal and factual bases of their claims, including why any finance charges or lenders' fees should be included in calculating the interest charged, and why the terms of the loans violated the Truth in Lending Act, when, for example, the effect of the prepaid interest is taken into account. The specific facts supporting Plaintiffs' legal claims must be clearly expounded. *Vague and broad references to information provided in documents or testimony generally, as supportive of specific claims, are not appropriate.* (*See, e.g.,* Doc. 86, p. 7, ¶ 2.)

Accordingly, it is ORDERED AND ADJUDGED that Plaintiffs' amended motion for default judgment is DENIED without prejudice. Plaintiffs are directed to file their second and final amended motion for default judgment, on or before June 15, 2009. Failure to file a comprehensive motion and memorandum addressing the Court's concerns may result in the Court's dismissal of all or part of the case.

DONE AND ORDERED this 20th day of May, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record